IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ALEX DURODE JOHNSON, III                                              PLAINTIFF

v.                                                          No. 4:07CV210-P-A

ATTORNEY GEORGE T. KELLY, ET AL.                                    DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Alex Durode Johnson, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

**Discussion**

The plaintiff, a prisoner proceeding *pro se*, seeks damages and other relief for claims arising out of his conviction and sentence imposed under the laws of Mississippi. Specifically, the plaintiff alleges that his conviction was obtained through the use of coerced testimony, attorney misconduct, and the misconduct of various state government officials. The plaintiff does not challenge the conditions of his confinement, as required under 42 U.S.C. § 1983; he instead challenges the fact and duration of his confinement, a claim which he should have brought as a *habeas corpus* claim under 28 U.S.C. § 2254. A claim under 42 U.S.C. § 1983 does not accrue until the conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). As the plaintiff has not shown that his conviction or sentence has been reversed, expunged, invalidated or impugned by the grant of a writ of *habeas corpus*, his claim under 42 U.S.C. § 1983 is not ripe for consideration and shall be dismissed with prejudice for

failure to state a claim upon which relief could be granted.[1]  A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 9th day of January, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] This dismissal shall not, however, preclude the plaintiff from filing a *habeas corpus* petition under 28 U.S.C. § 2254.